**Order issued July 14, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

---

### NO. 01-15-00572-CV

---

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY AND DONAL JAMES WILKINS, Appellant**

**V.**

**PREDISTELL ROBINSON AND MAENETTA ROBINSON, Appellee**

---

**On Appeal from 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-41593**

---

## MEMORANDUM ORDER
## OF REFERRAL TO MEDIATION

The Court determines that it is appropriate to refer this appeal for resolution

by mediation. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.021, 154.022(a),

154.023 (Vernon 2005). Accordingly, the Court orders that this appeal be referred

to mediation unless any party to the appeal files an objection with the Clerk of this Court within **ten days** after receiving this order. *See id.* § 154.022(b).

The parties shall choose a qualified mediator and agree on a reasonable fee for the mediator's services.[1] *See id.* §§ 154.052, 154.054(a) (Vernon 2005). When the parties notify the Clerk of this Court of the name of the mediator, that person shall be deemed appointed by the Court. *See id.* § 154.051 (Vernon 2005). The parties should provide the mediator with a completed "Notification to Mediator" and the "Appointment and Fee Report—Mediation" form. These documents can be downloaded from the forms page of the Court's website at http://www.1stcoa.courts.state.tx.us.

The Court sets the following deadlines:

• No later than **15 days** from the date that this order is issued, the parties shall file with the Clerk of this Court a completed "Parties' Notification to Court of Mediator." This document can be downloaded from the forms page of the Court's website at http://www.1stcoa.courts.state.tx.us.

• No later than **45 days** from the date that this order is issued, the parties shall conduct the mediation.

---

[1] The Court does not recommend mediators. Mediation information is available from the Dispute Resolution Center of Harris County ((713) 755-8274 and http://www.co.harris.tx.us/DRC), the Fort Bend Dispute Resolution Center ((281) 342-5000), the Alternate Dispute Resolution Section of the State Bar of Texas (http://www.texasadr.org/), and other groups. The parties are not required to use a mediator recommended or listed by these groups.

•       No later than **two days** from the conclusion of the mediation, the parties and the mediator shall advise the Clerk of this Court in writing whether the parties did or did not settle the underlying dispute, and the mediator shall file with the Clerk of this Court a completed "Appointment and Fee Report—Mediation" form. This document can be downloaded from the forms page of the Court's website at http://www.1stcoa.courts.state.tx.us.

All parties, or their representative with full settlement authority, shall attend the mediation with their counsel. The mediator shall encourage and assist the parties in reaching a settlement of their dispute, but may not compel or coerce the parties to enter into a settlement agreement. *See id.* § 154.053(a) (Vernon 2005). All communications relating to the mediation are confidential and not subject to disclosure, except as set forth by law. *See id.* § 154.073 (Vernon 2005). The Clerk of this Court, however, will file this order, any objection to this order, and the completed "Parties' Notification to Court of Mediator" and "Appointment and Fee Report—Mediation" forms with the other documents filed in this appeal that are available for public inspection.

Unless expressly authorized by the disclosing party, the mediator may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to communications relating to the subject matter of the dispute. *See id.* § 154.053(b). Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their

counsel during the settlement process, are confidential and may never be disclosed to anyone, including this Court. *See id.* § 154.053(c).

The Court will consider the agreed fee for the mediator's services to be reasonable and tax that fee as a cost of the appeal unless the parties agree to another method of payment. *See id.* § 154.054.

Nothing in this order modifies the timetables in the Texas Rules of Appellate Procedure regarding the appellate record and briefs.

/s/ Rebeca Huddle
Justice Rebeca Huddle
Acting Individually